In the Matter of Wallace DILL, Alleged Debtor.

Bankruptcy No. BK–LV 80–0389.

United States Bankruptcy Court, D. Nevada.

March 16, 1981.

W. Owen Nitz of Nitz & Schofield, Las Vegas, Nev., for alleged debtor.

R. Paul Sorenson, Las Vegas, Nev., for petitioning creditors.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

LLOYD D. GEORGE, Bankruptcy Judge.

### I. BACKGROUND

On May 5, 1980, an Involuntary Petition under Chapter 7 of the Bankruptcy Code was brought against the above-named Alleged Debtor by George Semel, Robert Sullivan, and Gene A. Trini. In their Petition,

the above petitioners alleged that each of them was "the holder of a claim against [the Alleged Debtor] that is not contingent as to liability which claims aggregate at least $5,000.00 more than the value of any lien on the property of the debtor securing claims held by them."

After answering this petition and denying this and other allegations of liability contained therein, the Alleged Debtor filed a MOTION FOR SUMMARY JUDGMENT AND ALTERNATIVE MOTION FOR SETTING OF BOND. By way of that Motion and an attached Memorandum of Points and Authorities, the Alleged Debtor asserted that a) the Petitioners had not properly alleged having more than an equity security interest affecting the Alleged Debtor, b) the claims, if any, of the Petitioners were, by their own admission, contingent as to liability, and c) he was, without factual question, paying his debts as these became due at the time this Petition was filed. Pursuant to these assertions, the Alleged Debtor moved for a summary judgment denying an order for relief and dismissing the instant involuntary petition. In the alternative, the Alleged Debtor moved to have the Petitioners file an indemnity bond under 11 U.S.C. § 303(e), to protect him against possible damages resulting from a continuation of this case.

The Court finds that one question of fact still remains to be determined by the Court. It must, therefore, deny the Alleged Debtor's Motion for Summary Judgment. Furthermore, the Court finds that no bond need be filed by the Petitioners in this matter.

## II. ANALYSIS OF THE FACTS AND THE LAW

Under Federal Bankruptcy Rules 756 and 914, F.R.Civ.P. Rule 56 governs motions for summary judgment in contested matters. F.R.Civ.P. Rule 56(c) provides, in pertinent part, that

"[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Counsel for the Alleged Debtor is in agreement that, in examining the opposing affidavits presented in this matter, the Court must view the evidence "as a whole and the inference which may be drawn therefrom [must be seen] in the light most favorable to the party opposing the motion. . . ." *Consolidated Electric Co. v. United States*, 355 F.2d 437, 438 (9th Cir. 1966).

■ Taking the first argument of the Alleged Debtor, the Court finds that the claims of the Petitioners are based, not merely upon the rights of equity security holders, but also upon claims for relief for the fraudulent conversion of monies invested for the purchase of certain real property on behalf of a limited partnership of which they were partners. Such alleged rights fit within the parameters of a "claim," as that word is defined in 11 U.S.C. § 101(4). The Alleged Debtor is not, therefore, entitled to a judgment in his favor, as a matter of law, on that issue.

■ The second issue raised by Mr. Dill is more persuasive, however, and comes within a hair's-breadth of serving as a valid ground for summary judgment in favor of the Alleged Debtor. 11 U.S.C. § 303(b)(1) requires that petitioning creditors in an involuntary case hold claims against the alleged debtor which are "not contingent as to liability." In the present case, even the affidavits of the Petitioners would indicate that their claims still remain in the posture of tort claims contingent upon a judicial finding of liability against the Alleged Debtor. They would not, therefore, seem to qualify under 11 U.S.C. § 303(b)(1).

Nevertheless, the Court has before it the affidavit of Mr. R. Paul Sorensen, Esq., which contains the following statement, made under oath:

"R. PAUL SORENSEN, being first duly sworn, deposes and says:

"1. That he is one of the attorneys for Petitioners in the above-captioned mat-

ter, and that he is a duly licensed and practising attorney in the State of Nevada, and, as such, is fully authorized to make this Affidavit.

"2. That just prior to the filing of these proceedings, your Affiant had an interview with the said WALLACE DILL. That the said WALLACE DILL at that time admitted that he had taken monies from the Petitioners in excess of Five Thousand ($5,000.00) Dollars, admitted that the property for which the monies were expended was in his personal name instead of a partnership as intended, and admitted that he could not pay the monies back as he was, in his own terms, at that time bankrupt.

"3. That the said WALLACE DILL further stated that the property in question was in default for loans which had been based on it, and that foreclosure was imminent.

"4. That all discussions in this matter have been to compromise the claims solely on the basis of insufficient funds to pay the same.

"5. That your Affiant knows of his own personal knowledge that foreclosure proceedings had been started upon the real property in question, that sale was imminent, and that a Stay Order was obtained by this Court."

If, in fact, the Alleged Debtor admitted his liability to counsel for the Petitioners, as is here averred, and if the Petitioners reasonably relied upon that statement to their detriment, it would appear that the Alleged Debtor could now be estopped from raising the liability issue to prevent an order for relief from being entered in this case. Although the Court cannot, of course, find estoppel, or that the issue of liability was waived by the Alleged Debtor, solely on the strength of Mr. Sorensen's Affidavit, this statement would still indicate the existence of a substantial factual issue which must be resolved before the Court can enter a judg-

ment in favor of the Alleged Debtor. A hearing must, therefore, be held on this issue.

Nevertheless, the Court will entertain, at the hearing held on this issue, only such admissible evidence as would relate to Mr. Dill's alleged statements to Mr. Sorensen which might represent an admission of liability on the instant claims.* The Court does not wish to liquidate the Petitioners claims if such were not rendered noncontingent by the statements averred to by Mr. Sorensen.

At the hearing, evidence should also be introduced as to whether the Alleged Debtor is, in fact, generally paying his debts as such debts become due. On this question, the Court again finds a genuine issue of fact which should be resolved before an order for relief or a judgment for the Alleged Debtor can be granted.

█ As to the request for a bond from the Petitioners pending the issuance of an order for relief, the Court finds little evidence in the affidavits introduced by the Alleged Debtor to substantiate the need for such a security device. Inasmuch as real property is here involved, the value of which has not been shown to be declining, and since the Petitioners appear to be men of some substantial means, who seem to have filed their present Petition in good faith, the Court does not feel that a bond is now necessary to protect the Alleged Debtor, should the Court finally hold in his favor.

### III. CONCLUSION AND ORDER

The Court finds that substantial issues exists as to whether the Alleged Debtor a) has admitted liability to the Petitioners, so as to estop him from now denying that liability, and b) is now generally paying his debts as these become due. Moreover, the Court finds no need, at this time, for the

---

* The Court, of course, recognizes that the acknowledgement of liability cited by Mr. Sorensen may prove to be inadmissible at trial, and that Mr. Sorensen may, at that time, be forced to turn over his clients' case to other counsel in order for him to testify. *See* Nevada Supreme Court Rule 185. Nevertheless, the degree to which such difficulties may effect the eventual outcome of this case will have to be seen at trial.

posting of a bond by the Petitioners pursuant to 11 U.S.C. § 303(e). It is, therefore, hereby

ORDERED, ADJUDGED, AND DECREED that the MOTION FOR SUMMARY JUDGMENT AND ALTERNATIVE MOTION FOR SETTING OF BOND, filed herein by the Alleged Debtor on February 23, 1981, be denied, but without prejudice to the Alleged Debtor to bring on a later motion to require that a bond be posted by the Petitioners in this matter, should circumstances change so as to make advisable the posting of such a bond.